IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSUE HERNANDEZ,

            Plaintiff,

vs.

GREEN TREE SERVICING, LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, AND DOES 1
THROUGH 10, inclusive;

            Defendants.

8:15CV75

**ORDER**

This matter is before the court on Plaintiff's motion to compel. (Filing No. 36). Plaintiff seeks to compel third party, Mortgage Electronic Registration System's ("MERS") production of certain documents. For the following reasons, the motion is denied.

In a subpoena dated September of 2015, Plaintiff requested from MERS: 1) the MERS Milestone History, 2) MERS Min. Summary, and 3) powers of attorney. (Filing No. 36 at CM/ECF p. 5). Plaintiff now argues MERS has failed to provide these items.

MERS filed its responses and objections to Plaintiff's subpoena in December of 2015. (Filing No. 36 at CM/ECF p. 14). MERS objected to a majority of the Plaintiff's requests as being vague and ambiguous, or being subject to the attorney-client privilege. (See Id.) Regardless, MERS provided several documents that it believed were responsive to Plaintiff's requests.

In response to Plaintiff's motion to compel, MERS argues it supplied MERS Milestone History and the MERS Min Summary it believed Plaintiff was requesting. In addition, although in his subpoena Plaintiff requested MERS provide "all powers of attorney," he now argues he is seeking only the power of attorney documents pertaining

to the power of attorney granted to MERS by Homecoming Financial, L.L.C. Since this narrowing, MERS has stated it will provide these requested power of attorney documents. ([Filing No. 39 at CM/ECF p. 3](#)). Similarly, after Plaintiff filed his Motion to Compel, MERS provided plaintiff with documents "purportedly not received." ([Id. at CM/ECF p. 2](#)).

At this point, the court is not certain whether Plaintiff is still missing any requested documents from MERS.

Accordingly,

IT IS ORDERED:

1) Plaintiff and MERS shall confer and determine what, if any, documents Plaintiff is demanding that have not been produced.

2) Plaintiff's motion to compel, ([filing no. 36](#)), is denied without prejudice to reassertion, if necessary, after the parties have made a good-faith attempt to confer and resolve the discovery issues. Absent first conferring in good faith, any future motion to compel filed by Plaintiff will be summarily denied.

3) As between Plaintiff and MERS, any motion to compel must be filed by July 27, 2016.

Dated this 27th day of June, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge